Marion S. FELTER, on behalf of himself and others similarly situated, Plaintiff,

v.

SOUTHERN PACIFIC COMPANY, a corporation; Brotherhood of Railroad Trainmen, a voluntary association; J. J. Corcoran, as General Chairman, etc., Defendants.

No. 36348.

United States District Court
N. D. California, S. D.

May 24, 1957.

---

1. See also Klaw v. Schaffer, D.C.D.N.Y., 151 F.Supp. 534.

Carroll, Davis & Burdick, San Francisco, Cal., for plaintiff.

Burton Mason and W. A. Gregory, San Francisco, Cal., for defendant Southern Pacific Co.

Hildebrand Bills & McLeod, Oakland, Cal., for defendant Brotherhood of Railroad Trainmen.

EDWARD P. MURPHY, District Judge.

The cross motions for summary judgment which are before this court involve an interpretation of Section 2, Eleventh of the Railway Labor Act, 45 U.S.C.A. § 152, Eleventh. The pertinent parts of this section read:

" * * * any carrier or carriers as defined in this chapter and a labor organization or labor organizations duly designated and authorized to represent employees in accordance with the requirements of this chapter shall be permitted—

"(a) to make agreements, requiring, as a condition of continued employment, that * * * all employees shall become members of the labor organization representing their craft or class: * * *

"(b) to make agreements providing for the deduction by such carrier or carriers from the wages of its or their employees in a craft or class and payment to the labor organization representing the craft or class of such employees, of any periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership: *Provided*, That no such agreement shall be effective with respect to any individual employee until he shall have furnished the employer with a written assignment to the labor organization of such membership dues, initiation fees and assessments, which shall be revocable in writing after the expiration of one year or upon the termination date of the applicable collective agreement, whichever occurs sooner.

"(c) The requirement of membership in a labor organization in an agreement made pursuant to subparagraph (a) of this paragraph shall be satisfied * * * if said employee shall hold or acquire membership in any one of the labor organizations, national in scope, organized in accordance with this chapter and admitting to membership employees of a craft or class in any of said services; * * * *Provided, further*, That nothing herein or in any such agreement or agreements shall prevent an employee from changing membership from an organization to another organization admitting to membership employees of a craft or class in any of said services."

Pursuant to the permission granted by the Act, defendants Southern Pacific Company and Brotherhood of Railroad Trainmen entered into a dues deduction agreement. The agreement provided that employee members of the Brotherhood could authorize deductions from their wages, or revoke such authorization, by completing prescribed forms to be reproduced and furnished by the Brotherhood. The Brotherhood was to notify the Company of these wage assignments and revocations of wage assignments by forwarding the completed forms, together with deduction lists, by the fifth day

of each month. The assignments and revocations thus forwarded would be effective as of the first day of that month.

Plaintiff is employed as a conductor by the Southern Pacific Company. On or before February 1, 1956, plaintiff executed a wage assignment in accordance with the above agreement. After this assignment had been in effect for over a year, he decided to change his membership to the Order of Railway Conductors and Brakemen,[1] and he so notified the Brotherhood in a letter dated March 30, 1957 and received by the Brotherhood on April 2nd. At the same time, wage assignment revocation cards were furnished by the ORCB, completed by plaintiff and forwarded by the ORCB to the Brotherhood and the Company. These cards followed the form prescribed by the dues deduction agreement and in all material respects were identical with the cards furnished by the Brotherhood. The card sent to the Company was forwarded by the Company to the Brotherhood in a letter dated April 1, 1957, while the card which came directly from the ORCB was received by the Brotherhood on March 30th.

The Brotherhood replied to plaintiff's letter in a letter dated April 2nd, stating that the cards furnished by the ORCB were not acceptable because the dues deduction agreement provided that wage assignment revocation cards were to be reproduced and furnished by the Brotherhood. The letter went on to state that one of the Brotherhood's cards was enclosed and that as the wage assignment papers for April were to be forwarded to the Company the next morning, the new card would not be effective until May 1st.

Plaintiff did not complete the new card furnished by the Brotherhood; the Brotherhood did not forward plaintiff's name to the Company as one whose wage assignment was to be revoked; and the

Company therefore continued to regard plaintiff's wage assignment as in full effect. This action was brought on behalf of plaintiff "and others similarly situated,"[2] seeking, together with appropriate injunctive relief, a determination that the action of the Brotherhood and the Southern Pacific Company in refusing to accept plaintiff's attempted revocation of wage assignment is a violation of plaintiff's rights under the Railway Labor Act.

Neither side presses this court for an interpretation of the dues deduction agreement. The sole question is whether the agreement *as interpreted by the defendants* is violative of the Railway Labor Act.

Although the proviso in Section 2, Eleventh (c) protecting the employee's right to change unions is in terms wholly unrestricted, it must be given a workable interpretation. A change in unions, and thus a change in dues deductions, obviously involves many bookkeeping and records changes on the railroad's part. It follows from this that employees cannot willy-nilly skip from one union to another, that some sort of orderly procedure has to be established. The dues deduction agreement between the Brotherhood and the Company sought to establish just such an orderly procedure. The only question is whether the procedure established by this agreement places such an unreasonable burden on employees who wish to withdraw from the Brotherhood that it operates as a violation of an employee's right under the Act to change unions.

The part of the withdrawal procedure which is complained of is the requirement that a revocation card must be secured *from the Brotherhood*. While this requirement may seem a bit arbitrary, it certainly is no burden. It is easily complied with, and is not appreciably more difficult than securing a revocation card

1. Formerly the Order of Railroad Conductors.

2. There is some dispute as to whether there are in fact others similarly situated,

but this question does not affect the outcome of the case.

from some other source. The only burden here would seem to be on the rival union, which perhaps cannot as easily recruit new members; and this is not determinative of the issue. Pennsylvania Railroad Company v. Rychlik, 1957, 352 U.S. 480, 77 S.Ct. 421, 1 L.Ed.2d 480.

Accordingly, this court holds that the dues deduction agreement as interpreted by the defendants is a reasonable compliance with the Railway Labor Act and not violative of plaintiff's rights under the Act. It is ordered that the temporary restraining order heretofore issued on April 12, 1957 be dissolved and that the action be dismissed.